In re **AMERICAN CARE CORPORATION, an Illinois corporation, Advacare, Inc., an Illinois corporation, Advacare of Illinois, Inc., an Illinois corporation, Total Home Health Care of Chicago, Inc., an Illinois corporation, Alvin R. Lewitas, Debtors.**

**Bankruptcy Nos. 86 B 11711–86 B 11714 and 86 B 11608.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Dec. 8, 1986.

---

Stephen Pugh, Chicago, Ill., for The Beninato Bros.

Dennis Quaid, Chicago, Ill., for the Main Bank.

## MEMORANDUM AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of the Beninato Brothers to terminate the heretofore allowed adequate protection payments to the Main Bank for use of certain cash collateral in which the Bank alleges a security interest. This Court's order of August 6, 1986 authorized payments to Main Bank for adequate protection as a secured creditor of the debtors-in-possession. The Beninato Brothers who hold a junior position similar to the Main Bank have objected to the continued adequate protection payment to Main Bank of the basis that there are presently a number of motions pending before this Court which challenge the Main Bank's status as a secured creditor entitled to adequate protection payments. For the reasons stated below the motion to terminate adequate protection payments will be denied.

In the instant case, Main Bank has secured its loan to the debtor by taking a security interest in the debtor's accounts receivables. In their motion, the Beninato Brothers state that Main Bank is not entitled to adequate protection payment because under the applicable Medicare Statute, 42 U.S.C. § 1395g, a debtor may not assign its rights to future payments from medicare. To support their position, the Beninato Brothers rely on *United States v. Gold,* 743 F.2d 800 (11th Cir.1980). In *Gold* the Court of Appeals held that a criminal defendant was not entitled to receive medicare payments where he fraudulently made claims to medicare for payment *Gold,* 743 F.2d at 825. As such *Gold* is quite different from the instant proceedings.

The Court's position as to the legal effect of the Bank's lien is supported by the re-

cently reported Fifth Circuit case, *In re Missionary Baptist Foundation of America,* 796 F.2d 752 (5th Cir.1986). The Court there held that a creditor could collateralize its loan to the debtor by an assignment of the debtor's accounts receivable due from medical care payments under 42 U.S.C. § 1396a. The Court found that the Texas State Statute enacted to effectuate payment schemes under § 1396g conflicted with the federal statute because it prohibited the type of loan financing at issue. *Id.* at 758. The financing scheme in *Missionary Baptist* is very similar to the financing scheme in the instant case. The *Missionary Baptist* Court noted that the federal statute was intended to prevent factoring which could result in incorrect and inflated claims to medicare. *Id.* at 757 n. 6.

In the instant case, factoring is not an issue, consequently it is this Court's opinion that the intent of the federal statute remains intact. The arrangement between Main Bank and the debtors is a straight forward collateral arrangement permissible under 1395g and the Illinois Statute enacted to effectuate payment thereunder. *See* Ch. 23, ¶ 11–3 (Smith-Hurd 1985).

Whether there is authority permitting actual collection of the accounts receivable directly by the Main Bank is not before the Court and the Court will not grant an advisory ruling.

NOW THEREFORE IT IS ORDERED that the motion of the Beninato Brothers to terminate adequate protection payment to the Main Bank is hereby denied.